UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOMINIQUE HALL,

      Petitioner,

v.            Case No. 3:15-cv-1000-J-34PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
      Respondents.

## **ORDER**

### **I. Status**

  Petitioner Dominique Hall, an inmate of the Florida penal system, initiated this action on July 30, 2015,[1] by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Florida. The Northern District transferred the case to this Court on August 11, 2015. In the Petition, Hall challenges 2010 state court (Clay County, Florida) judgments of conviction for home invasion robbery and armed robbery. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Motion

---

  [1] Giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

to Dismiss (Response; Doc. 15) with exhibits (Resp. Ex.). On December 11, 2015, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 11), admonishing Hall regarding his obligations and giving Hall a time frame in which to submit a reply. On February 3, 2017, Hall replied. See Petitioner's Reply to Respondents' Motion to Dismiss (Reply; Doc. 23); Exhibits, Docs. 23-1 through 23-39 (P. Ex.). This case is ripe for review.

## **II. One-Year Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Hall has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. In July 2009, the State of Florida charged Hall with armed robbery in Case No. 2009-CF-1292, see Resp. Ex. G at 6, and home invasion robbery in Case No. 2009-CF-1293, see Resp. Ex. A at 8. Hall pled guilty to the charges in both cases on July 29, 2010. See Resp. Exs. A at 31-32; G at 37-38. On August 20, 2010, the court sentenced Hall to a term of imprisonment of forty-five years in Case No. 2009-CF-1292, and a term of imprisonment of forty-five years in Case No. 2009-CF-1293, with both sentences to run concurrently with each other. See Resp. Exs. A at 26-30; G at 31-36. In Case No. 2009-CF-1292, the appellate court affirmed Hall's conviction and sentence per curiam on March 4, 2013, see Resp. Ex. K, and the mandate issued on April 2, 2013, see Resp. Ex.

L. As to Case No. 2009-CF-1293, the appellate court affirmed Hall's conviction and sentence per curiam on March 8, 2013, see Resp. Ex. E, and the mandate issued on April 3, 2013, see Resp. Ex. F.

Hall's convictions became final on Monday, June 3, 2013 (90 days from March 4, 2013) in Case No. 2009-CF-1292, and on Thursday, June 6, 2013 (90 days from March 8, 2013) in Case No. 2009-CF-1293. See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Hall's convictions were after April 24, 1996, the effective date of the AEDPA, Hall had one year from the dates his convictions became final to file the federal petition. His Petition, filed on July 30, 2015, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

As to Case No. 2009-CF-1292, the one-year limitations period began to run the next day, June 4, 2013, and ran for 260 days until February 19, 2014, when Hall filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion) as to both convictions. See Resp. Ex. M at 1-7. In Case No. 2009-CF-1293, the one-year limitations period began to run on June 7, 2013, and ran for 257 days until he filed

4

his Rule 3.850 motion. The circuit court denied the Rule 3.850 motion on August 6, 2014. See id. at 43-180. The appellate court per curiam affirmed the circuit court's denial of his Rule 3.850 motion on November 14, 2014, see Resp. Ex. N, and the mandate issued on December 12, 2014, see Resp. Ex. O.

The one-year limitations period began to run the next day, December 13, 2014, and ran for 229 days until July 30, 2015, when Hall filed a pro se federal Petition. Given the record, Hall's July 30, 2015 Petition is untimely filed,[2] and due to be dismissed unless Hall can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015), cert. denied, 137 S.Ct. 830 (2017). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations

---

[2] With 105 days remaining, the one-year limitations period expired on Monday, March 30, 2015, as to Case No. 2009-CF-1292. With 108 days remaining as to Case No. 2009-CF-1293, the one-year limitations period expired on Tuesday, March 31, 2015. Thus, the federal Petition was filed approximately four months late.

5

and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017), cert. denied, 2018 WL 942542, No. 17-6146, (U.S. Feb. 20, 2018). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Hall to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

Hall acknowledges that his Petition is untimely filed. See Reply. Nevertheless, he asserts that he is entitled to equitable tolling because: (1) he has been a pro se litigant since March 14, 2012, see P. Ex. 1A, and was not aware of the federal one-year limitations period, see Reply at 3; (2) he never had "constructive knowledge" of the federal limitations period, id.; (3) he has been diligent in pursuing his rights, see id.; (4) the Respondents would not be prejudiced if the Court permits the untimely filing, see id. at 2, 4; (5) he did not receive the state appellate court's December 12, 2014 mandate until "between the dates of mid-December and late February," see id. at 4; and (6) Respondents caused "several extraordinary circumstances" after the filing of his Petition that confused him and caused him "to remain ignorant," see

id. at 4-5; see also Docs. 11, 12 at 4, ¶ 3. He states that the Court must consider the "reasonableness" of his "ignorance." Reply at 5.

A habeas petitioner's lack of legal training and a general ignorance or confusion regarding the law are not extraordinary circumstances warranting equitable tolling. See Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). Like other litigants, pro se litigants "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). As to Hall's assertion that he did not receive the state appellate court's December 12, 2014 mandate until "between the dates of mid-December and late February," he has neither asserted that he contacted the appellate court to inquire about the mandate nor provided the date that he ultimately received his copy of the mandate. Hall should have known that the mandate ultimately would issue since the appellate court per curiam affirmed the circuit court's denial of his Rule 3.850 motion on November 14, 2014, and denied his motion for additional time to file a motion for rehearing on December 11, 2014.³ Even assuming Hall is entitled to equitable tolling for the two-month period, his

---

³ See http://jweb.flcourts.org, Case No. 1D14-4089; see also Fla. R. App. P. 9.340(a) ("Unless otherwise ordered by the court or provided by these rules, the clerk shall issue such mandate or process as may be directed by the court after expiration of 15 days from the date of an order or decision.").

7

federal Petition is still untimely. Additionally, Hall's asserted confusion <u>after</u> the filing of the federal Petition is of no import. The Court's focus is on extraordinary circumstances that "stood in [Hall's] way" and prevented him from timely filing the Petition. <u>Holland</u>, 560 U.S. at 649 (citation and quotation marks omitted). Hall has not demonstrated that an extraordinary circumstance prevented him from timely filing his Petition.

He simply has not met the burden of showing that equitable tolling is warranted. Hall has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## III. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Hall seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Hall "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement

to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss (Doc. 15) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Hall appeals the dismissal of the case, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any

motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of March, 2018.

MARCIA MORALES HOWARD
United States District Judge

sc 3/26
c:
Dominique Hall, FDOC #J41187
Counsel of Record